# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 20-0534 SVW (PVC) | Date: April 14, 2020 |
| Title Jose Zendejas v. United States of America | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:
None

Attorneys Present for Defendants:
None

**PROCEEDINGS:** [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE A CURRENT ADDRESS

On March 16, 2020, Jose Zendejas ("Petitioner"), then an inmate housed at the Los Angeles County Men's Central Jail proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1). That same day, the Court issued a Notice of Reference informing Petitioner of the District Judge to whom his case had been assigned and the Magistrate Judge to whom the matter had been referred for further proceedings. ("Notice," Dkt. No. 2). The Notice was sent to Petitioner at his address of record. On March 31, 2020, the Notice was returned to the Court as undeliverable because Petitioner had been released. (Dkt. No. 3). Thus, the Court does not have a current address for Petitioner and is unable to move this case forward.

Petitioner is advised that pursuant to the Central District's Local Rule 41-6, he has an obligation to keep the Court informed of his current address of record or the Court may dismiss this action:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address

of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

C.D. Cal. L.R. 41-6.

The deadline for Petitioner to notify the Court of his current address was March 31, 2020, *i.e.*, fifteen days after the date the Court's Notice was served on March 16, 2020. Petitioner is therefore **ORDERED TO SHOW CAUSE** by **April 28, 2020**, why this action should not be dismissed pursuant to Local Rule 41-6 for Petitioner's failure to provide a current address. Petitioner may discharge this Order by filing a response with a current address.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>  However, Petitioner is advised that any dismissed claims may be later subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly cautioned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.